## Case No. 1,391.

Ex parte BIDDLE et al.

[2 Mason, 472.][2]

Circuit Court, D. Massachusetts. May Term, 1822.

COURTS OF THE UNITED STATES — JURISDICTION—DIVERSE CITIZENSHIP —REMEDIES UNDER STATE STATUTES.

1. The circuit court of the United States has jurisdiction in a case between citizens of different states, to sustain a petition for partition, according to the statutes of Massachusetts for partition of lands among tenants in common.

[Cited in Clark v. Sohier, Case No. 2,835; Perry Manuf'g Co. v. Brown, Id. 11,015.]

[2. All the remedies given by the laws of a state may, as a general rule, be pursued in the federal courts sitting in such state.]

[Cited in Cleveland v. La Crosse & M. R. Co., Case No. 2,887; Ex parte McNiel, 13 Wall. (80 U. S.) 243; U. S. v. Block 121, Case No. 14,610; Griswold v. Bragg, 48 Fed. 520; Davis v. James, 2 Fed. 621; Stansell v. Levee Board of Miss. Dist. No. 1, 13 Fed. 851.]

Petition [of Clement C. Biddle and others] for partition among tenants in common, un-

---

[1] [Not previously reported.]

[2] [Reported by William P. Mason, Esq.]

der the statutes of Massachusetts, of 11 March, 1784, c. 41, and 14th of February, 1787, c. 53.

Aylwin, for certain persons appearing as respondents, moved the court to dismiss the suit for want of jurisdiction, on the ground that this was a statute remedy, limited by the terms of the statute to the state courts.

W. Sullivan, contra.

[Motion to dismiss denied.]

STORY. Circuit Justice. The motion to dismiss this proceeding is founded upon the notion, that a petition for partition is a statute remedy, which is confined by the terms of the statutes to the state courts, and the argument is, that if so, it cannot be pursued in any other courts. It is certain, that the statutes confine this remedy in terms to the state courts; and so they do all other remedies, for no state legislature can be presumed to legislate, as to remedies, except in its own courts. If the argument be well founded in this case, it will have a most material bearing upon the jurisdiction of the courts of the United States, and shut out parties, who are entitled to sue, from almost all the most useful remedies, which the lex loci has provided for the protection of their rights. I have bestowed a good deal of reflection upon this subject, and am satisfied, that parties entitled to sue in the courts of the United States are in general entitled to pursue in such courts all the remedies for the vindication of their rights, which the local laws of the state authorize to be pursued in its own courts. It appears to me, this is the necessary result of the general principles of law, applicable to the organization of the courts of the United States. The process used in these courts is, in general, the same as in the state courts; and the laws of the states are expressly declared to be rules of decision in trials at common law in cases, where they apply. And the same doctrine must have been held without this express provision, and must now be implied in all suits, where the lex loci is to regulate the rights or remedies of parties. Infinite mischiefs would, upon any other principle, arise in the administration of justice; for there is scarcely a single right or remedy, which has not been materially changed and modified by the state legislatures. The whole structure of our judicial establishment manifestly contemplates, that in cases within the reach of their jurisdiction the courts of the United States are to administer the same remedial justice, that would be administered in the proper state courts. The 12th section of the judicial act of 1789, c. 20, [1 Stat. 79,] authorizes an alien, or a citizen of another state, who is sued in a state court, to remove the suit into the circuit court of the United States; and provides that "the cause shall there proceed in the same manner, as if it 3FED.CAS.—22

had been brought there by original process."—These terms certainly suppose, that every suit instituted in a state court, which might be removed from it, might be originally commenced in the circuit court; yet such suit might be altogether founded on a statute remedy, provided for and limited in terms to the courts of the state. Such in point of fact was the case of Wilson v. Mason, 1 Cranch, [5 U. S.] 45, founded on a summary proceeding, under a caveat, which, by the express provision of the state laws, was limited to the state court. Yet, although the jurisdiction of the supreme court was assailed on another ground, no objection of this nature was made to the jurisdiction of the district court, into which the suit was removed from the state court; and if there had been any validity in the objection, in a cause so earnestly and ably contested, it is scarcely possible, it should have escaped both the bar and the bench. If this petition had been brought by the respondents in a state court, the plaintiffs might certainly have removed it into the circuit court; and yet the very objection now urged would have applied as forcibly to that as to this case. It might then have been argued, that the remedy was limited to the state courts, and could not be enforced elsewhere; and that the suit could not be brought into the circuit court by original process, and therefore could not be removed there. I do not perceive the slightest difference in principle between the cases. If the special nature of the remedy would not prevent the removal of the suit; neither would it prevent its being pursued originally in this court. In this view the case already cited seems to me an authority fully in point, in support of our jurisdiction.

There is another objection, however, which appears to me entitled to more weight. To sustain the jurisdiction of the court it is necessary, that the suit should be between citizens of different states, or an alien should be a party. Here the petition states no adverse parties. It alleges, that the adverse parties are unknown, and only avers, that the plaintiffs are informed, and believe them to be citizens of Massachusetts. This is not sufficient; the parties should be named, and their citizenship or alienage averred on the record. But this objection is cured by the appearance of the respondents, who admit themselves to be citizens of Massachusetts, and aver an adverse interest, and, non constat, that there are any other adverse interests in the case. Upon the whole, I overrule the motion for dismissal of the suit.

Motion overruled.

———

BIDDLE, (BAKER v.) See Case No. 764.

BIDDLE, (TSCHEIDER v.) See Case No. 14,210.