WARREN (WEBSTER v.). See Case No. 17,339.

WARREN (WING v.). See Case No. 17,871.

## Case No. 17,204.

WARREN v. WISCONSIN VAL. R. CO.

[6 Biss. 425;[1] 7 Chi. Leg. News. 403; 2 Cent. Law J. 542; 21 Int. Rev. Rec. 300.]

Circuit Court, W. D. Wisconsin. Aug. 5, 1875.

CONDEMNATION PROCEEDINGS—JURISDICTION—REMOVAL OF CAUSE FROM STATE COURT.

A proceeding under the right of eminent domain to condemn land for a railroad is not a case in which the state is a party; and the federal courts may have jurisdiction. Nor is it a special proceeding, nor can the right of removal be limited by state laws. It is in effect a suit of civil nature, and if the parties are competent,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

comes under the United States statutes for removal of causes.

[Cited in Davis v. James, 2 Fed. 621; Mineral Range R. Co. v. Detroit & L. S. Copper Co., 25 Fed. 520.]

[Distinguished in Baltimore & O. R. Co. v. Pittsburgh, W. & K. R. Co., 17 W. Va. 862. Cited in Green Bay & M. R. Co. v. Jennings, 56 Wis. 121, 14 N. W. 30.]

[This was a suit by Andrew Warren, Jr., against the Wisconsin Valley Railroad Company.]

Wm. F. Vilas. for plaintiff.

W. C. Silverthorn and P. L. Spooner, for defendant.

HOPKINS, District Judge. The railway company above named required certain portions of the plaintiff's land for the purpose of its road, and not agreeing with him upon the damages to be paid therefor, had them appraised by commissioners, according to the provisions of the railroad law of this state. Gen. Laws 1872. c. 119. The company had separate awards for each tract or government description through which it ran, being six in number. The plaintiff not being satisfied with the amount awarded by the commissioners, appealed to the circuit court of Marathon county from each award, in accordance with the provisions of the act aforesaid.

After the appeals, the plaintiff, being a citizen of the state of Illinois, filed his petition in the state circuit court, stating that he was a citizen of the state of Illinois, and that the railroad company was a citizen of this state, also that the amount in dispute exceeded the sum of $500 in each case, and prayed for the removal of the cases for trial into this court. The state court granted the order and accepted the bond, and copies of the records in each case were filed and the cases duly docketed in this court.

The plaintiff now moves to consolidate said cases, which motion is opposed by defendants on the ground that this court has not jurisdiction, but conceding that if the court has, they should be consolidated. The defendant, in order to present the question directly before the court, moved to remand the cases to the state circuit court. for the reason that this court had not jurisdiction thereof.

Section seventeen of the state statute aforesaid provides for an appeal by either party, and declares that upon filing a written notice of appeal in the office of the clerk of the circuit court of the county in which the land is situated, and where the award of the commissioners is required to be filed and recorded. "the appeal shall be considered an action pending in court subject to a change of the place of trial and appeal to the supreme court as other actions, and shall be entered by the clerk upon the records of the court by setting down the owners of the land for which such award was made. and who are parties to the appeal as plaintiffs, and the railroad company as defendants." It further declares that the appeal shall be tried by a jury unless waived. and that costs shall be awarded to the successful party on such appeal, and that judgments shall be rendered therein, according to the rights of the parties.

The award is to be recorded in the judgment book by the clerk in whose office it is filed. If the award is not paid in sixty days from the filing, or in case of appeal, if the judgment upon the appeal is not paid within sixty days, the plaintiff or party interested may have execution thereon. Section nineteen provides that upon the railroad company's paying into court the amount of the award or judgment, or filing in the clerk's office of the court a receipt therefor, duly signed and acknowledged by the owner, the clerk shall make a minute of such payment or filing of such receipt at the foot of the record of the report of the commissioners, in the judgment book of said court, and that thereupon the exclusive use of such premises shall vest in the railroad company without any further act. deed, or conveyance, and further declares that such record or a certified copy thereof shall be prima facie evidence of such title in all courts and places.

The motion to remand was based upon two grounds: First, that as it was a proceeding by the state in the exercise of its right of eminent domain the case was to be regarded as substantially against the state. and that this court had no jurisdiction in a suit against a state. This position is correct, if the state is a party. But I do not see how that can be maintained. The state statute above quoted declares that the railroad company shall be defendant, and that when it pays the amount of damages or compensation awarded by commissioners, or by the court on appeal, the title or use of the land shall vest exclusively in the railroad company. The state has no interest in the controversy. It is not a controversy where the state is a party nominally or beneficially. The statute conferred upon the railroad company the right to take what lands it required. but made it liable for all damages and compensation; and this controversy relates, not to the right of the railroad company or the state to take the lands described. but only to the amount of compensation the railroad company must pay as a condition of the taking. It seems very clear to my mind that this is not a suit prosecuted against a state, within the meaning of the constitution, and that, therefore, the first ground of objection is not well taken.

The second ground relied upon was, that it was not a suit in such a sense as to be removable; that it was a special proceeding, provided for ascertaining the damages and passing title to the land taken or condemned, especially applicable to proceedings in the state courts, and not adapted to the practice and modes of procedure in this court; and that the rights of the railroad company could not be obtained in the manner provided by the state statute in this court. If this objection states truly the essential nature of the case, it might be regarded as an answer to the jurisdiction of this court. But does it? It was suggested that the state could have provided for an assessment of damages by a sheriff's jury, and not given to

the proceedings any attribute of a suit. Without determining that question either one way or the other, the point to be passed upon here is, has the state stripped the proceedings of all the characteristics of an action? I think it has not. It is true, the mode of getting the case into the courts is different, but after having provided a way of getting the matter into court, it is then treated as an action. The act says, "The appeal shall be considered as an action pending in court," and from that time it is proceeded with in the same manner as other actions up to and including judgment and execution. The owner of the land is the plaintiff, and the railroad company defendant. So it seems to me the state has invested the proceedings with the dignity and attributes of an action, and the parties are not, therefore, at liberty to say it is not an action. The state has given the parties the plenary advantages of an ordinary suit at law, and the courts have but to see that they enjoy them.

But, even if the proceedings in the state courts are different from the usual modes of prosecuting suits for the enforcement of private rights, still it is in effect a suit of a civil nature, in which the controversy is between citizens of different states. The plaintiff is seeking to obtain compensation of the defendants for the land they have taken from him. It involves the question of the value of the land taken by defendants, and the damages of the plaintiff sustained thereby. It is not a new right of action given by the state. The common law gave a remedy by action in such a case, and the state legislature, by changing the mode of proceedings to ascertain the damages of a party whose lands have been taken, cannot change the essential character of the cause of action or right of action. It is still in effect a suit of a civil nature where a judgment may be rendered which concludes the parties as in other suits. The status of the parties is, I think, the same as in any suit of a civil nature at common law.

It was the intention of congress, under the power conferred by the constitution, to give to suitors having a right to sue in the federal courts remedies co-extensive with such rights. These remedies cannot be abridged or controlled by state legislation, by exempting a person or corporation of such state from suit. A citizen of another state, in this respect, possesses a right not pertaining to one of the same state. Suydam v. Broadnax, 14 Pet. [39 U. S.] 67; Railway Co. v. Whitton's Adm'r, 13 Wall. [80 U. S.] 270. In this last case it was held that where the state statute gave a new right of action and limited the prosecution for its recovery to a court established by the state, that the party-plaintiff, being a non-resident, was entitled to a removal of the case from the state to the federal courts for trial. The supreme court in that case lays down the doctrine that "when a general rule as to property or personal rights or injuries to either is established by state legislation, its enforcement by federal courts in a case between proper parties, is a matter of course, and the jurisdiction of the court in such case is not subject to state limitation." [2]

But, as I have before said, this plaintiff had a plain right and remedy for his damages in such a case as this at common law, and the supreme court, in Union Bank of Tennessee v. Jolly's Adm'rs, 18 How. [59 U. S.] 503, declared that a law of a state "limiting the remedies of its citizens in its own courts, cannot be applied to prevent the citizens of other states from suing in the courts of the United States in that state, for the recovery of any property or money there to which they may be legally or equitably entitled."

It may be that the proceedings in this court in ascertaining and enforcing the parties' rights will be different to some extent, but that does not prevent the removal. The supreme court has repeatedly held that the jurisdiction of the federal courts over controversies between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their courts. In Hyde v. Stone, 20 How. [61 U. S.] 175, it is said in many cases "the forms of the proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." So that if this court could not assimilate its practice so as to give to the defendant all the rights it is entitled to, in the mode prescribed by this state statute, it is no answer to its jurisdiction, for it is the duty of this court to afford a sufficient and adequate remedy so as to secure to the defendant the right to which it is entitled upon paying the judgment finally rendered in the case, and there is no difficulty whatever in determining the remedy to effect that purpose. Payne v. Hook, 7 Wall. [74 U. S.] 425.

The twelfth section of the judiciary act of 1789, gave the right of removal to non-resident defendants. That was not as comprehensive as the constitutional provision on the subject, and congress has from time to time extended the right, and the act of March 3, 1875, has materially enlarged the right of suitors in respect to removal. 18 Stat. 470. It now embraces citizens of other states, whether plaintiff or defendant, and confers an unqualified right to have a case or suit of a civil nature at law or equity transferred on petition of either party to the federal courts for trial, when the parties are citizens of different states, upon complying with the conditions mentioned in the act, and the supreme court decided in Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 214; Insurance Co. v. Morse,

2 On this point see. also. U. S. v. Supervisors of Lee Co. [Case No. 15,589].

20 Wall. [87 U. S.] 445, "that no power of action thereafter remained" (after filing petition), "to the state court, and that every question, necessarily including the act of its own jurisdiction, must be decided in the federal court." To the same effect is the case of Osgood v. Chicago, D. & V. R. Co. [Case No. 10,604].

Applying the doctrine and principles of those decisions to this case, I must overrule the motion to remand the cases to the state court, and hold that this court has jurisdiction thereof.

Having held that this court has jurisdiction, I grant the order conceded by defendant's counsel to be right, consolidating said cases.