## DAVIS *v.* JAMES and others.

*(Circuit Court, N. D. Illinois.  ——, 1880.)*

FEDERAL COURT—JURISDICTION—STATE STATUTE DIRECTING THAT ACTION SHALL BE IN STATE COURT.—The fact that a state statute may provide that all actions of a particular character arising within its limits shall be brought in a certain state court, will not affect the jurisdiction of federal courts in such actions, otherwise competent.

SAME—SAME—SAME.—A state statute provided that guardians might be licensed to mortgage the estate of their wards, but that foreclosure of such mortgages should only be made by petition to certain state courts. *Held,* that mortgagee was not thereby precluded from bringing action for the foreclosure of such mortgage in the federal courts, the citizenship of parties and amount involved being sufficient to confer jurisdiction.

DYER, D. J.  This is a bill to foreclose two trust deeds, and the case has been heard upon a plea to the jurisdiction of the court.  It appears from the bill and pleas that on application to the county court of this county by the defendant James, as guardian of the minor heirs of Robert D. McFarlane, deceased, he was duly authorized by that court to borrow the sum of $50,000, in all, for the purpose of erecting buildings on the premises in question; and, to secure such loans, was further authorized to execute mortgages or trust deeds upon the premises; and pursuant to such order the guardian borrowed $40,000 from complainant in 1873, and $10,000 in 1874.  And in his capacity as guardian the defendant James executed to complainant his promissory notes for the sums so borrowed, together with trust deeds on the real estate, to secure the payment of such notes.  The pleas allege that these trust deeds were executed solely under the authority of the state statute, and the order of the county court acting in pursuance of such statute, and that the complainant, when he made the loans, had knowledge of such fact, and of the provision of the statute under which a guardian of minors may be empowered to execute trust deeds or mortgages.  The point raised by the pleas is that these trust deeds can only be foreclosed in the county court which authorized this execution.  The statute provides that the

guardian may, by leave of the county court, mortgage the real estate of his ward for a term of years, not exceeding the minority of the ward, or in fee, and that before any mortgage shall be made the guardian shall petition the county court for an order authorizing such mortgage to be made, in which petition shall be set out the condition of the estate, and the facts and circumstances on which the petition is founded, and a description of the premises sought to be mortgaged. The statute then further provides that foreclosures of mortgages authorized by this act shall only be made by petition to the county court of the county where letters of guardianship were granted, or, in case of non-resident minors, in the county in which the premises, or some part thereof, are situated, in which proceedings the guardian and ward shall be made defendants.

The argument of the learned counsel for defendants, in support of the pleas, is that the state has supreme authority to legislate upon all matters of transmission and alienation of real property; that this power has been exercised by the passage of this statute; that the alienation of the premises in question by mortage or trust deed is only authorized by this statute; that all the provisions of the statute, including that which relates to the enforcement of remedy by foreclosure, were passed for the protection of the interests of minors, and became a part of the contract between the guardian and the person who made the loan and took the security; that the complainant, as the mortgagee or holder of the trust deed, was bound by the state statute, and that the federal court is also bound to follow the statute in determining questions relating to the enforcement of complainant's remedy upon his mortgages.

No question is involved as to the citizenship of the parties. The plaintiff is a citizen of Massachusetts, and the defendants reside in this state. The debt secured by the trust deeds is due. If remedy were to be sought in the state courts in the form of foreclosure, it may be admitted that complainant would be obliged to prosecute his foreclosure in the

county court where letters of guardianship were granted to the mortgagor.

At the time these trust deeds were executed the judiciary act of the United States declared that circuits courts of the United States should have jurisdiction where the matter in dispute, exclusive of costs, should exceed the sum of $500, provided the citizenship of the parties should be such as to warrant it, and I regard it a satisfactory answer to the position that the provisions of the state statute, including those relating to remedies, became part of the contract between the parties; that the statute of the United States which gave to complainant the right to prosecute his remedy in this court was also, with even higher potency, a part of the contract.

Decisions of the supreme court bearing upon the question seem clearly to determine that even in a case where the right of action is originally derivable wholly from the state statute, which also designates the court in which such remedy may be enforced, state legislation cannot limit a party's right to enforce his remedy in the court thus designated by the statute, provided the citizenship of the parties is such as would otherwise authorize the prosecution of such remedy in the federal court.

In the case of *Railway Co.* v. *Whiton,* 13 Wall. 285, there was a statute which declared a liability by a person or corporation to an action for damages when death ensues from a wrongful act, neglect or default of such person or corporation, and which statute contained a proviso that such action should be brought, for a death caused within the state, in some court established by the constitution and laws of the same. Here, although the right of action existed only in virtue of the statute, and only in cases where the death was caused within the state, the supreme court held that the proviso requiring action to be brought in the court of the state did not prevent a non-resident plaintiff from removing the action to a federal court and maintaining it there. The court said: "In all cases where a general right is thus conferred it can be enforced in any federal court

within the state having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such federal court by any provision of state legislation that it shall only be enforced in a state court. The statutes of nearly every state provide for the institution of numerous suits for partition, foreclosure, and the recovery of real property in particular courts and in the counties where the land is situated, yet it has never been pretended that limitations of this character could affect, in any respect, the jurisdiction of the federal court over such suits, where the citizenship of one of the parties was otherwise sufficient."

In this state there was formerly, and is perhaps at present, a statute declaring in substance that all actions against any county may be commenced and prosecuted in the circuit court of the county against which the action is brought, and the question arose whether a citizen of another state could prosecute a suit in this court against the supervisors of Mercer county upon certain bonds issued by them on behalf of the county. A motion to dismiss the case for want of jurisdiction having been overruled in this court, and the case being removed to the supreme court, it was held by that court that there was no doubt of the constitutional right of the party to bring suit in the circuit court of the United States upon the obligations of the county of Mercer, notwithstanding the statute before referred to. *Cowles* v. *Mercer County*, 7 Wall. 118. And in the case of *Ex parte Biddle*, 2 Mason, 472, which was a proceeding by partition existing only by virtue of the laws of Massachusetts, the court said: "Parties entitled to sue in the courts of the United States are, in general, entitled to pursue in such courts all remedies for the vindication of their rights which the local laws of the state authorize to be pursued in its own courts."

Again, in the case of *Warren* v. *The Wisconsin Valley R. Co.* 6 Bissell, 425, it was said, in the opinion of the court, that "it was the intention of congress, under the power conferred by the constitution, to give to suitors having a right to sue in the federal courts remedies co-extensive with such rights. These remedies cannot be abridged or controlled by state legisla-

2*

tion, by exempting the person or corporation in such state from suit. A citizen of another state, in this respect, possesses a right not pertaining to one of the same state."

Upon the argument, counsel earnestly pressed upon the consideration of the court a distinction between these cases and the case at bar, the distinction consisting in the fact that in the present case the subject-matter involved is real estate; the point being urged that, as the state must be held to have controlling authority in regulating the transmission and alienation of real property situated within the state, the federal courts are limited in their right to exercise jurisdiction in proceedings which contemplate the ultimate transfer of title of such character of property. But I am unable to perceive solid foundation for such distinction. The question is one involving the right to pursue a remedy. The statute of the United States, at the time of the execution of these trust deeds, declared that the circuit court of the United States should have cognizance concurrent with the courts of the several states of all suits of a civil nature, at common law or in equity, with a proviso as to the citizenship of the parties. No state legislation could take away the right thus granted by congress under the constitution of the United States. And if, in the case where a right of action, whether it pertain to persons or property, exists only in virtue of, and is solely derivable from, a statute of a state, that statute also declaring that the remedy to enforce such right shall be brought in a court of the state,—if, I say, in such a case the remedy may be enforced in a court of the United States, as has been distinctly held, I am unable to perceive why, in a case like that in hand, the remedy may not also be pursued in the federal court, notwithstanding the state statute. That statute, in my opinion, can only be construed as limiting the right of the party to pursue his remedy in a particular form, where such remedy is sought to be enforced in the courts of the state.

The pleas will be overruled.