### KLEVER et al v. SEAWALL et al.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1895.)

No. 150.

CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—PARTITION.

The circuit courts have no power to hear, on their law side, petitions for partition of lands, under a state statute which provides for the determina-

tion of questions arising in such proceedings without a jury, since actions for partition are among the suits at common law in which, under the constitution of the United States, trial by jury is preserved; but jurisdiction may be taken in equity, partition being a recognized head of equity jurisprudence.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

This was an action by J. Hairston Seawall and others against J. M. Klever and Edmund Klever to recover an undivided interest in certain lands, the demand for relief also joining a prayer for partition of the premises. A judgment was rendered for the plaintiffs for the relief demanded. Defendants brought error. The circuit court of appeals affirmed the judgment as to the recovery of the land claimed and mesne profits, but directed further argument as to the power of the circuit court to entertain the proceeding for partition on its law side.  65 Fed. 373.

Mills Gardner and Humphrey Jones, for plaintiffs in error.
Matthews & Cleveland, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge.  This was a proceeding in error to review a judgment for plaintiff in an action at law in the circuit court to recover an undivided one-third interest in certain real estate in the Southern district of Ohio, for mesne profits, and for partition, under the Ohio statute.  In an opinion announced May 14, 1894, we affirmed the judgment for the undivided interest in the land and for the profits, but we reserved the question for further argument whether it was within the power of a circuit court of the United States to hear and determine on its law side a petition for partition of lands under the statute of Ohio.  Further argument has been had, and we are now to decide the point reserved.

Partition under the Ohio statute is now a civil action, under the Ohio Code of Civil Procedure (McRoberts v. Lockwood, 49 Ohio St. 374, 34 N. E. 734), though it has not always been so regarded (Barger v. Cochran, 15 Ohio St. 460).  By section 5756, Rev. St. Ohio (Smith & Benedict), it is provided that:

"A person entitled to partition of an estate may file his petition therefor in the court of common pleas, setting forth the nature of his title, and a pertinent description of the lands, tenements or hereditaments of which partition is demanded and naming each tenant in common, co-parcener, or other person interested therein, as defendants."

Upon the filing of the petition, a summons issues against the defendants, under section 5035 of the Civil Code.  Thereafter the defendants may file answers under sections 5059 and 5070, and the plaintiff may reply under section 5079.  By section 5757 it is provided that:

"If the court find that the plaintiff [in partition] has a legal right to any part of such estate, it shall order partition thereof in favor of the plaintiff and all parties in interest, appoint three disinterested and judicious freeholders of the vicinity to be commissioners to make the partition, and order a writ of partition to issue."

By section 5758 the writ issues to the sheriff, commanding him, by the oaths of the commissioners, to cause to be divided and set off to the parties the land in question as the court shall order. By section 5759 the commissioners are required to set apart the land "in such lots as will be most advantageous and equitable, having due regard to the improvements, situation and quality of the different parts thereof." By section 5762 the commissioners are to appraise the land when, in their opinion, it cannot be divided without manifest injury to its value, and report their action to the court; and, if this is approved by the court, one or more of the parties shall be permitted to take the land at the appraised value. If the land is not taken at the appraisement, then by subsequent sections the land is to be sold, and the proceeds are to be divided. The supreme court of Ohio has decided that in the statutory action for partition the parties are not entitled to a jury. McRoberts v. Lockwood, 49 Ohio St. 374, 32 N. E. 734. If, therefore, on the petition and answers in a partition proceeding, a controversy should arise,—for example, as to whether the plaintiff was entitled to one-third or one-half of the land,—the issue, whether of fact or law, must be settled without a jury, and by the court alone. We are of opinion that the circumstance that the parties are not entitled to a jury in the proceeding for partition under the statute of Ohio requires a United States court to decline to assume jurisdiction over such a proceeding except on its equity side.

The seventh amendment of the constitution of the United States provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Before the adoption of the constitution, suits for partition could be brought either at the common law or in equity. In the common-law action for partition the general issue was raised by the plea "non tenent insimul." It was triable before a jury (Chit. Pl. [6th London Ed.; 11th Am. Ed.] 1394, note); and such is the procedure under many of the state statutes for partition (Clapp v. Bromagham, 9 Cow. 530; Hewlett v. Wood, 62 N. Y. 75; Covington v. Covington, 73 N. C. 168; Harding v. Devitt, 10 Phila. 95; Ham v. Ham, 39 Me. 216). When suits for partition under such statutes are brought into the United States courts, either by original action or by removal, there is no difficulty in assigning them to the law side of the court. Thus, the partition statute of Massachusetts provided for the trial of the issues raised in an action for partition by jury as in other cases (Act March 11, 1784, as amended by Act Feb. 14, 1787); and Mr. Justice Story took jurisdiction on the law side of the court of a suit brought in a state court under these acts, and removed to the United States court (Ex parte Biddle, Fed. Cas. No. 1,391, 2 Mason, 472). The same learned justice, in Parsons v. Bedford, 3 Pet. 452, in defining the meaning of the phrase "common law," as used in the seventh amendment to the constitution, above quoted, said (page 445):

"The phrase 'common law,' found in this clause, is used in contradistinction to equity and admiralty and maritime jurisprudence. The constitution had declared, in the third article, 'that the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United

States, and treaties made or which shall be made under their authority,' etc., and to all cases of admiralty and maritime jurisdiction. It is well known that in civil causes in courts of equity and admiralty juries do not intervene, and that courts of equity use the trial by jury only in extraordinary cases, to inform the conscience of the court. When, therefore, we find that the amendment requires that the right of trial by jury shall be preserved, in suits at common law, the natural conclusion is that this distinction was present to the minds of the framers of the amendment. By 'common law' they. meant what the constitution denominated in the third article 'law'; not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered; or where, as in the admiralty, a mixture of public law and of maritime law and equity was often found in the same suit. *Probably there were few, if any, states in the Union in which some new legal remedies, differing from the old common-law forms, were not in use, but in which, however, the trial by jury had intervened, and the general regulations in other respects were according to the course of the common-law. Proceedings in cases of partition, and of foreign and domestic attachment, might be cited as examples variously adopted and modified.* In a just sense the amendment, then, may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights. And congress seems to have acted with reference to this exposition, in the judiciary act of 1789, c. 20 (which was contemporaneous with the proposal of this amendment); for in the 9th section it is provided 'that the trial of issues in fact in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury'; and in the 12th section it is provided that 'the trial of issues in fact in the circuit courts shall, in all suits, except those of equity and of admiralty and maritime jurisdiction, be by jury'; and, again, in the 13th section, it is provided that 'the trial of issues in fact, in the supreme court, in all actions at law against citizens of the United States, shall be by jury.'" (The italics are ours.)

The twelfth section of the judiciary act of 1789, above quoted, is now embodied in section 648 of the Revised Statutes.

It follows from the foregoing that every civil action provided by state statute not of equity and admiralty jurisdiction is a suit at common law, within the meaning of the seventh amendment, and that the United States courts, if they assume jurisdiction in such an action at all, must afford a jury trial, even though this is contrary to the spirit and letter of the state statute. But partition was cognizable either at law or in equity before the adoption of the constitution. It is and has been for centuries a well-recognized branch of equity jurisprudence. When, therefore, a statutory proceeding for partition cannot be heard in a United States court on the law side, without affording a jury trial, and thereby doing violence to the forms of procedure provided in the state statute, it seems to us to be the duty of the court to decline to take jurisdiction of it as a court of law, and to direct that it be brought in equity, where no jury need be had, and where every remedy provided by the statute may be amply administered. We are fully supported in this conclusion by the decision of the supreme court of the United States in Bank of Hamilton v. Dudley's Heirs, 2 Pet. 492. That was a writ of error to a judgment in · ejectment in the circuit court of the United States for the district of Ohio. The occupying claimant law of Ohio provided that the defendant should not be evicted until he should be fully paid the value of his lasting improvements, made in good faith, previous to his re-

ceiving notice of the suit, unless the defendant should refuse to pay the plaintiff, at his election, the value of the land without the improvements. The second section directed the court to make the valuation prescribed in the preceding section by commissioners. A verdict was found for the plaintiff, whereupon the counsel for the defendant moved the court, in accordance with the state statute, to appoint commissioners to value improvements. This motion was overruled, and judgment was rendered for plaintiff. The action of the court was assigned for error. The supreme court affirmed the action of the court below. Chief Justice Marshall used this language in delivering the opinion of the court:

"The seventh amendment to the constitution of the United States declares that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' This is a suit at common law and the value in controversy exceeds twenty dollars. The controversy is not confined to the question of title; the compensation for improvements is an important part of it, and, if that is to be determined at common law, it must be submitted to a jury. It has been said that the occupant law of Ohio must, in conformity with the 24th section of the judiciary act, be regarded as a rule of decision in the courts of the United States. The laws of the states and the occupant law, like others, would be so regarded, independent of that special enactment; but the exception contained in that section must be regarded likewise. The law, so far as it consists with the constitution of the United States and of the state of Ohio, is a rule of property, and, of course, a rule of decision in the courts of the United States; but that rule must be applied consistently with their constitution. Admitting that the legislature of Ohio can give an occupant claimant a right to the value of his improvements, and can authorize him to retain possession of the land he has improved until he shall have received that value, and assuming that they may also annex conditions to the change of possession, which, so far as they are constitutional, must be respected in all courts, still that legislature cannot change radically the mode of proceeding prescribed for the courts of the United States, nor direct those courts, in a trial at common law, to appoint commissioners for the decision of questions which a court of common law must submit to a jury. But this inability of the courts of the United States to proceed in the mode prescribed by the statute does not deprive the occupant of the benefit it intended him. The modes of proceeding which belong to courts of chancery are adapted to the execution of the law; and to the equity side of the court he may apply for relief. Sitting in chancery, it can appoint commissioners to estimate improvements, as well as rents and profits, and can enjoin the execution of the judgment at law until its decree shall be complied with."

The analogy between the case cited and the one at bar in respect to the question we are discussing would seem to be complete. It is true that in courts of Ohio the statutory proceeding for partition has frequently been held not to be a suit in chancery, and, though termed a "special statutory proceeding," was heard on the law side of the state courts, before the new constitution of 1851 and the Code of Civil Procedure were adopted. Doane v. Fleming, Wright, 168; Penrod v. Danner, 19 Ohio, 218–221. But this ruling by the state court can have little or no bearing on the proper course to be taken by a United States court in determining whether such a proceeding is to be heard by it in law or in equity. The constitution of Ohio of 1802 provided that the right of trial by jury should be inviolate, but the supreme court of the state had no difficulty in reconciling with that provision the determination, in an action of ejectment, of the

value of improvements by commissioners under the occupying claimant's law, though the supreme court of the United States, as we have seen, had held it impossible, under the seventh amendment of the federal constitution. Hunt v. McMahan, 5 Ohio, 132. The fact that in a state court a proceeding is triable in an action at law does not affect the right and duty of the United States court, if the action is, under the federal system, cognizable in equity, to take jurisdiction of it in equity. Mississippi Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75.

It follows from what has been said that it was the duty of the circuit court, when the defendants below objected to the joinder of the petition for partition with the action to recover real property, to dismiss the petition for partition, with leave to the plaintiffs to file a bill in equity for the same purpose. The judgment of the court below in partition is reversed, with instructions to dismiss, for want of jurisdiction, so much of the amended petition as prayed partition and the proceedings thereon, at the costs of the plaintiffs. The costs in this court will be equally divided.