# RIVERA

*v.*

# NEW YORK & PORTO RICO STEAMSHIP CO.

San Juan, Law, No. 1194.

JURISDICTION IN ACCIDENT ON BOARD SHIP.

Admiralty—Employer's Liability Act.

1. The Federal courts have exclusive cognizance of admiralty and maritime matters saving the common-law remedy; and common law as so used means the local municipal law, whether it be derived from the English common law or from the Spanish civil law.

Same—National Employer's Liability Act.

2. The National Employer's Liability Act of 1906 is in force in the territory of Porto Rico, although held to be unconstitutional in the states, and excludes local legislation.

Opinion filed January 11, 1918.

*Mr. H. R. Francis* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case filed May 1, 1917, alleges that the plaintiff's intestate while working as an employee of the

NOTE.—On applicability of the Federal Employers' Liability Act or state Compensation Acts to injuries within admiralty jurisdiction, see note in L.R.A.1918C, 474.

Steamship Brazos, and under the control and direction of a superior officer, fell through hatchway No. 1, and died as the result of his injuries; the accident occurring to the negligence of the defendant in not having sufficient lights. To this the defendant filed a demurrer on June 30, 1917, setting up that the accident occurred on a steamship in the navigable waters of the harbor of San Juan, and that the responsibility in connection with said accident can be determined only means of a maritime suit, and not at law as attempted by the plaintiff.

There can be no question that the plaintiff could have sued in admiralty as for a maritime tort, the accident and alleged negligence occurring on board a steamer afloat in the public waters of the United States. She has not chosen to do so and has sued at common law. Has she a right to do so?

1. The demurrer has been argued as if the suit was brought under a local statute, and reliance is had by the defendant upon the recent decision of Southern P. Co. v. Jensen in the Supreme Court of the United States, decided May 21, 1917, 244 U. S. 205, 61 L. ed. 1086, L.R.A.1918C, 451, 37 Sup. Ct. Rep. 524, Ann. Cas. 1917E, 900, 14 N. C. C. A. 596. In that case Mr. Justice McReynolds delivered the opinion of the court, and there are strong dissenting opinions by Mr. Justice Holmes and Mr. Justice Pitney, with whom concurred Justices Brandeis and Clarke. The question in that case related to the Workman's Compensation Acts of 1913 and 1914 of the state of New York, whereby in lieu of the common-law liability by suit for negligence a liability was imposed upon employers enforceable without judicial action, without regard to fault, graduating compensation according to a prescribed scale based upon loss of earning power and upon dependency. The Su-

preme Court determined that this could not constitutionally extend to maritime torts, inasmuch as under the Constitution the Federal courts were given exclusive jurisdiction in admiralty, which the local act would in effect take away. The case at bar might on its face be held to be under local law of negligence. P. R. Civ. Code, § 1803. And it may be supposed that the demurrer is based upon that view of the complaint.

The Judicial Code, §§ 24 and 256, give Federal district courts exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, saving to the suitors in all cases the right of a common-law remedy where the common law is competent to give it. American S. B. Co. v. Chase, 16 Wall. 522, 21 L. ed. 369. In the Jensen Case it was further determined that the procedure prescribed in the local act was one unknown to the common law, being enforced by an administrative board, and not by a court, and therefore did not come within the exception. In the suit at bar there is not this objection, inasmuch as the suit is brought on the common-law side of the same court which administers admiralty jurisdiction, and is strictly according to the course of common law, provided there is a common law in Porto Rico. Technically the municipal law of Porto Rico, including the Civil Code provision in question, follows what is called the civil law of Spain, as distinguished from the common law of England. There is no question that the same kind of common law which prevails generally in the United States as derived from English ancestors does not prevail in Porto Rico. It never has, and so far as we can see never will, prevail in Porto Rico. If this is a proper construction of the Constitution, Porto Rico would be shut out from this constitutional privilege. The

result of the argument would be that there never can be admitted into the Union on an equality with the other states any new state in which the common law of England does not prevail. This cannot be true. American constitutional law is not so shortened. In point of fact there is in the Union at the present time at least one civil-law state, that is to say, Louisiana; and it could not be contended that the constitutional exception to admiralty trials does not apply in New Orleans or other Louisiana ports.

Common law is often used, even in the Constitution, as practically equivalent to law as usually administered. It is used for law as distinguished from equity or admiralty or similar remedies. Klever v. Seawall, 12 C. C. A. 661, 22 U. S. App. 715, 65 Fed. 395. Thus it is sometimes used also as distinguished from criminal law. Kirby v. Chicago & N. W. R. Co. 106 Fed. 551, 555. The Constitution, like laws of lesser importance, is to be construed reasonably in view of the circumstances under which it was composed and the public needs it was designed to meet. The same word or expression may in different provisions have a somewhat different meaning. It is not possible in human documents to have the absolute certainty of expression which is supposed to be found in scientific works. The continental civil law aims at this, but it may be doubted whether it attains it any more than the statutes of England and America.

The "common law" as used in the Constitution and the statutes in this regard is not to be construed as the English common law, but rather as the municipal law of the state in question. An equivalent would be the civil law in a general sense, from whatever source it might be derived, the local law

which conforms to the general principles of jurisprudence as understood among civilized nations. Common law in this sense means, so far as applies to the case at bar, the law which would cover this case in Porto Rico if there were no Federal courts at all. There is not in this regard any technical distinction to be drawn between the civil law and the common law; for the present purposes they mean the same thing.

2. It may be doubted, however, whether a local law is in question at all in the case at bar. This court has repeatedly decided that the Employers' Liability Act of June 11, 1906, is applicable in Porto Rico; for, although unconstitutional in the states under the decision in Employers' Liability Cases (Howard v. Illinois C. R. Co.) 207 U. S. 463, 52 L. ed. 297, 28 Sup. Ct. Rep. 141, it is binding in territories, such as Porto Rico; for, in territories, Congress has plenary power which it does not possess in the states. El Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 54 L. ed. 106, 30 Sup. Ct. Rep. 21; Ramirez v. Ponce R. & L. Co. 5 Porto Rico Fed. Rep. 353. Being applicable, the Federal act is necessarily exclusive, for two laws cannot any more than two bodies occupy the same space at the same time. It would seem, therefore, that the present complaint is to be construed as brought under the Federal Employers' Liability Act, and not under the local law in any sense.

From either point of view it would seem that the demurrer is not well taken and must therefore be overruled.

It is so ordered.