HAM & als., *Petitioners for Partition, versus* HAM.

The commissioners appointed on a petition for partition, have no power to determine any question of title to any of the property embraced in their warrant, and where they have thus exceeded their authority, their report should be re-committed.

After the *interlocutory* judgment has been entered in a petition for partition, no questions can be raised by any of the tenants, as to any betterments in the common property, while that judgment remains in force.

Nor has the law been changed by the Act of 1855, c. 157, but the *rights* of the tenants in the common property must be determined now as formerly *before* the entry of the interlocutory judgment.

Whether exceptions lie to an order of the presiding Judge, directing a recommitment of the report of commissioners in partition; *quere.*

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

PETITION FOR PARTITION.

The commissioners appointed to make partition made their report, which was objected to by the petitioners, because a large and valuable barn standing on the common property, but not on that part assigned to them, was not appraised by the commissioners, it being regarded by them as the sole and exclusive property of the respondent.

The defendant offered to prove that the conclusion of the commissioners was correct, and prayed that an issue might be framed for a jury to try it, if the full Court adopt the opinion of the presiding Judge, who ordered the report to be recommitted.

To this order the respondent excepted.

*D. Goodenow* and *N. D. Appleton*, for the exceptions.

1. The interlocutory judgment only settled the right to have partition. It settles no equities between the tenants in common. The respondent could not plead any thing which did not deny the right. R. S., c. 121, § § 11, 12.

2. The commissioners are the most competent to settle any equities, arising from a separate occupation and improvement. This Court having no equity powers upon such partitions, the Legislature undoubtedly intended to change their powers to a court of law. Ch. 157 of laws of 1855.

3. It would be an useless expense to recommit the report, if under the statute of 1855, the commissioners would be authorized to do precisely what they have done. That statute gives no new rights. It may give a new mode of remedy in proceedings after the interlocutory judgment.

4. But without this statute, from the analogies of the law it was competent for the report to be made as it is.

The barn was built by the respondent on a part occupied by him exclusively, with the consent of co-tenant.

*J. Shepley*, *contra*, thought the power exercised by the Judge was a discretionary one, to which no exceptions would lie, but he waived the objection, and in support of the ruling, cited R. S., c. 121, and c. 145; *Tilton* v. *Palmer*, 31 Maine, 487; *Baylies* v. *Bussey*, 5 Greenl. 153; *Treat* v. *Strickland*, 23 Maine, 234; *Austin* v. *Stevens*, 24 Maine, 520; *Russell* v. *Blake*, 2 Pick. 505; *Brackett* v. *Norcross*, 1 Greenl. 89; *Liscomb* v. *Root*, 8 Pick. 376.

RICE, J. — By observing carefully the provisions of the statute relative to the partition of real estate, on petition for partition, and the acts to be performed at the different stages of the procedure, it is believed that no difficulties will be encountered, nor will any uncertainty as to the proper mode of reaching given results, arise. Section 11, and those immediately following, of c. 121, R. S., provide the manner in which the right of the petitioner to have partition, and the extent of that right, shall be tried and determined. After the rights of the parties are thus determined, the interlocutory judgment for partition is entered up, in conformity with such determination.

Section 19, of the same chapter provides, that the Court, having entered the interlocutory judgment, shall appoint three or five disinterested persons, as commissioners, to make the partition, and to set off to the petitioners the share or shares belonging to them; which shall be expressed in the warrant.

Thus it will be seen that the duties of the commissioners are plain. They are simply to make partition of the estate, assigning to the petitioners the share or shares belonging to them, *as expressed in their warrant.* They have no authority to try the question of title, or to determine what portion of the estate to be divided belongs to either party. The whole question of right is determined before their appoint-

ment, and the interlocutory judgment is the evidence of the rights of the parties.

The commissioners in this case, having erroneously undertaken to determine a question of right to a portion of the estate to be divided, therein exceeded their authority, and their report was properly recommitted for the correction of that error.

The question whether Rufus Ham is entitled to betterments made by him on that part of the common estate which he claims to have occupied in severalty, cannot be legitimately raised at this stage of the proceedings. All questions touching the *extent* of his right in the common property should have been settled before the interlocutory judgment was entered, and the Court has no power to frame an issue of fact for the determination of a jury, by which the rights of the parties can be affected while that judgment remains in force.

Nor does the Act of March 16, 1855, make any change in the law in this respect. Under that Act, the *rights* of the parties in the common property, must be determined before the interlocutory judgment is entered. The commissioners are not authorized to try and determine the questions whether there has been a sale and exclusive possession and occupation of a part of the lands or real estate to be divided by any one or more of the tenants in common, by mutual consent; nor whether improvements had been made by buildings or otherwise, by such tenant or tenants, on the parts so occupied by them, exclusively; otherwise most important controversies concerning property might be settled without giving the parties thereto the right to a trial by jury, in derogation of an important constitutional guaranty. Such, we apprehend, could not have been the intention of the Legislature.

We have not considered the question whether exceptions would properly lie in this case, such having been the desire of both parties.                     *Exceptions overruled.*