The opinion of the Court was drawn up by
Davis, J.
In England, a person having an interest in *263 lands as a joint tenant, or a tenant in common, may compel a partition by a bill in equity, or by a writ of partition at common law. The same remedies obtain in this country, in those States where the courts have general equity jurisdiction. 4 Kent’s Com., 364. But there are serious difficulties attending both of these remedies. If there is any doubt about the legal title, a bill in equity cannot be maintained until that title is determined by a suit at law. Cartwright v. Pultney, 2 Atk., 380; Wilkin v. Wilkin, 1 Johns. Chan., 111. And, in a writ of partition, all the co-tenants must be named, and their shares stated, so that the jury may determine the proportion to which each one is entitled. Cook v. Allen, 2 Mass., 462. To obviate these difficulties, provision was early made in Massachusetts for a partition upon petition of one or more of the co-tenants, whether all the other co-tenants were known or not. Laws of Mass., 1783, 1784. Our present statute is similar, though it affirms the right to a writ of partition at common law.
This process is designed simply to establish the legal right of possession in severalty. No writ of possession issues, as in a real action. If the party whose right is thus established cannot otherwise obtain possession, he must resort to his action at law for that purpose. Baylies v. Bussey, 5 Greenl., 153.
All questions concerning the title of the parties, and the nature and proportions of their interests, are to be determined by the jury; and their verdict is the basis of the interlocutory judgment, which must therefore conform to it. Upon all these matters the interlocutory judgment is conclusive. And this judgment relates to the petition, and is limited and explained by it, except as it is modified by the pleadings and the verdict.
Nothing can be embraced in the petition, or the judgment, but real estate. When a petitioner claims and obtains judgment for a fractional part of certain premises, described by boundaries, unless specifically limited by exceptions or reservations, he is entitled to such a proportion of all the *264 real estate within the boundaries named. This right cannot be diminished, unless the judgment is vacated, or reversed.
After the judgment is entered, commissioners are appointed by the Court to make the partition among the parties, in conformity with it. They act under a warrant, which, following the terms of the judgment, should describe-the estate to be divided, and the proportions to be assigned to each of the parties, or to them collectively, if that is the prayer of the petition. If the petition does not particularly describe the estate, so that the commissioners can determine its locality and boundaries, it will be dismissed upon demurrer. Miller v. Miller, 16 Pick., 215. But, if judgment is entered on such a petition, the Court may order a survey under the direction of the commissioners. Mitchell v. Starbuck, 10 Mass., 5.
The commissioners have no judicial power, like referees, to determine any questions between the parties, relating to their respective proportions, titles, or interests. All these questions are for the jury, and must be settled before the interlocutory judgment, in order to determine what that judgment shall be. The statute gives the commissioners no power to decide them. Ham v. Ham, 39 Maine, 216. " When the interlocutory judgment is entered,” says Merrick, J., in Brown v. Bulkeley, 11 Cush., 168, "it is a conclusive determination of the rights of all the parties to the proceedings; and no question any longer remains open concerning * their ownership, or' title, or their individual shares and interests. The commissioners have no other duty to perform, or authority to act, than to divide the estate according to the directions contained in the warrant.”
Nor is this case, or that of Ham v. Ham, in conflict with the case of Parsons v. Copeland, 38 Maine, 537. In that case, which was not presented on exceptions, but by a report, the parties agreed to submit it to the Court, as to a jury. It was competent for the parties thus to present the case. One of the questions in that case was, whether certain buildings were erected by one of the co-tenants alone, *265 and after the petition was filed. This was a question for the jury. It should have been presented by proper pleadings, before the interlocutory judgment. Not having been so presented, the parties submitted it to the Court by agreement. The other question in that case, — whether certain buildings were personal property, or real estate, — was a question for the commissioners to decide. An interlocutory judgment, in which there are no exceptions, covers all the real estate within the specified boundaries. The commissioners are to find the property, and determine where and what it is. This is implied in fjieir warrant, and is indispensable to their execution of it. They must determine the location and boundaries; and, if the question arises, they must determine what the whole estate is, by distinguishing personal property from real estate. Rice v. Freeland, 12 Cush., 170. These questions are entirely different from those relating to the title, interests, and proportions of individual parties. They are not questions for the jury, in any event, unless they arise in other cases, between other parties. If the commissioners err in deciding these questions, the Court may refuse to accept their report, and recommit the case to them.
The statute of 1855 changed the relative rights of tenants in common, ill two important particulars, in all cases where one has occupied any part of the premises in severalty, and has made any improvements thereon.
If he has done this without " the consent” of his co-tenants, he cannot claim to have his share so set out as to embrace such improvements. He may be compelled to take some other portion of the estate. But he is entitled to have the improvements made by him " considered,” and the assignment made " in conformity therewith.” This language, though somewhat indefinite, is without meaning, unless it means that he shall have the entire benefit of the improvements made by him. If not assigned to him specifically, he shall have their value, over and above his share of the common property.
*266 But, if he has had exclusive possession of any part of the premises " by the mutual consent” of the co-tenants, and has made improvements thereon, he is entitled to have such part assigned to him, unless, exclusive of the improvements, it exceeds his share.
Such we believe to be the meaning of the statute of 1855 ; and, though condensed in the revision of 1857, taking the former as explanatory of the latter, which is a proper rule of construction, the meaning is obviously the same.
But the questions arising under this statute, as they refer entirely to the individual interests and proportions of the parties, must be determined by the' jury before the interlocutory judgment. Ham v. Ham, 39 Maine, 216. If a dwelling-house is to be excepted from the partition, and the land upon which it stands is to be assigned to one of the parties who built it; or, if a dwelling-house built by one of the parties is -not excepted, but the one who built it is entitled to the value of it, more than his share in the common property, exclusive of it; these facts should be determined by the jury, and be incorporated into the interlocutory judgment, that the proper directions may be given therefor in the warrant.
These principles have been stated at some length, as they are important for the proper determination of this class of cases. In the case at bar, the counsel, and, to some extent, the Court, seem to have mistaken the proper course of proceeding. Matters were submitted to commissioners, under the instructions of the Court, which they had no authority to decide. No exceptions were taken by the respondent at that term. But when the commissioners made their report, at a subsequent term, the objection was made. It was too late to make it at either term. It is true the report of the commissioners shows that they heard the parties, and decided between them, upon a question over which they had no jurisdiction. But it is too late to raise that question in this case, unless a new trial should be granted. The petitioner has recovered a judgment for one half of the entire proper *267 ty described in the petition. This the commissioners have assigned to him. The partition, being in conformity with the judgment, is not invalidated or otherwise affected by the unauthorized proceedings of the commissioners. It was proper for the Court to disregard this portion of their report. Brown v. Bulkeley, 11 Cush., 168. The ruling of the presiding Judge, "that the objections to the report, if sustained by proof, would not invalidate it,” was correct.

Bxceplions overruled.

Tenney, C. J., Rice, May, Goodenow and Kent, JJ., concurred.