## HORACE D. HALL *vs.* DUDLEY C. HALL.

Middlesex. January 16, 1890. — September 4, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Partition — Commissioners — Return — Boundary.*

Upon the question of setting aside the return of commissioners appointed under the Pub. Sts. c. 178, to make partition of lands, parol evidence of their proceedings not appearing in the return is competent, so far as it tends to show mistakes of law made by the commissioners, which materially affect the equality or justice of the partition.

Commissioners to make partition may permit the parties to state their preferences and to give their reasons for any particular division of the land, but are not required to hear experts or other witnesses as to the effect thereof upon the parties, or upon adjoining property owned by them in severalty; nor are they bound by admissions made by the parties.

If the warrant to commissioners appointed to make partition of lands describes the boundary line of one of the lots as "running by" a lane, their return is not irregular because it includes land to the centre of the lane as part of the premises.

W. ALLEN, J.  This is a petition for partition, brought by one of two tenants in common of several detached parcels of land.  The petitioner moved that the report of the commissioners to make partition be affirmed, and the respondent moved that it be set aside.  At the hearing in the Superior Court, the respondent proved by parol evidence certain proceedings of the commissioners in making the partition, which he claimed were erroneous rulings in matter of law.  The Superior Court ruled that such rulings of the commissioners were not erroneous in law, and ordered the report to be confirmed; and the question comes before us upon exceptions of the respondent to that ruling of the Superior Court.

The first question that arises is how far the doings of the commissioners are open to revision upon the question of affirming or rejecting their report.  The statute provides that, after the interlocutory judgment has determined the title and the share of a petitioner for partition, and his right to have partition, the court shall appoint commissioners to make partition by setting off to the petitioner his share as expressed in the warrant.  The commissioners are to be sworn, and are to give notice of the time and place of making the partition to all persons interested therein, that they may be present.  The statute provides that the commissioners shall make a return of their doings, and that, " if their report is confirmed, judgment shall be rendered that the partition be firm and effectual forever.  Pub. Sts. c. 178, §§ 19–24.  This implies, what is expressed in § 74 of the same chapter, that the court " may for any sufficient reason set aside the return."  An irregularity in the proceedings of the commissioners appearing on the face of their return may be sufficient reason for setting it aside.  The court say in *Brown* v. *Bulkley*, 11 Cush. 168: " The only questions which can arise upon their report are such as have relation to the regularity of their own proceedings.  If they have not conformed in all respects to the directions given them, their report may be set aside. . . . But if there has been no irregularity, and if they have divided the estate according to the requirements of the interlocutory judgment, it will be accepted and confirmed by the court."  If the return shows that the commissioners were sworn, and gave notice as required by law,

and sets forth a partition made as directed in the warrant, it contains all that the law requires, and shows that the proceedings were regular. The commissioners are appointed to make partition, and to report the partition made by them, so that it may become the judgment of the court. The proceedings before them are not under the rules of law applicable to the trial of causes, and their report was not designed to contain statements of exceptions taken by parties to their rulings on questions of law, or on the admission of evidence. Nor can exceptions to their rulings be established by parol evidence. They are in the nature of arbitrators, rather than of an inferior court, and the question upon setting aside their report resembles that of setting aside an award of arbitrators, rather than that of setting aside a verdict of a jury on account of erroneous rulings at the trial.

The question before the court was whether there was sufficient cause for setting aside the return. There may be sufficient cause, which does not appear in the return or upon the record, and which must be proved by parol evidence. It is unnecessary to consider in what respect and on what grounds a return may be impeached. There may be proceedings of the commissioners which do not appear ·in the return, and can be proved only by parol evidence, which constitute sufficient cause for refusing to affirm the partition. It is in this view that the evidence offered by the respondent to the court must be regarded. So far as it tended to show mistakes of law made by the commissioners, which materially affected the equality or justice of the partition, it was competent. The commissioners were selected by the court as qualified to make a just and equal partition of the land, and were appointed for that purpose. If, through a mistake either of fact or of law, they made an unequal or unjust partition, or if they acted under a mistake which would naturally lead them to make an unequal or unjust partition, their doings ought not to be affirmed. *Morrill* v. *Morrill*, 5 N. H. 329. In *Hagar* v. *Wiswall*, 10 Pick. 152, a report of commissioners was set aside because they had acted under a mistake of law, that, as the estate consisted of several distinct parcels, they were obliged to set off to each cotenant a portion of each parcel, and could not assign an entire parcel to each,

though that would be an equal division. It appears that the parties desired a partition by parcels, and it does not appear how the mistake of the commissioners was made known to the court; but there can be no doubt that a party could have shown by parol evidence that the commissioners refused to make such a partition for the reason that they had no authority to make it.

In the case at bar, the respondent alleged in substance, in the court below, that two mistakes of law were made by the commissioners in their proceedings, and it was incumbent upon him to prove that some mistake was made, and that it was material; that is, that it did affect, or might have affected, the equality or justice of the partition which was made. The court heard the evidence, and decided that no mistake of law had been made by the commissioners, and did not decide whether the alleged mistakes were material. Exception was taken to the ruling of the court, that no mistake of law was shown, or, as expressed in the bill of exceptions, " that the aforestated rulings and doings of the commissioners were not erroneous in law." The commissioners gave a hearing to the parties, which extended over several weeks. On the first day, the valuation of different lots in the estate to be divided was agreed to by the parties, and it was also orally stated by the petitioner's counsel that the parties agreed that the estate should not be sold, and that convenience to other lands of the parties was to be considered. On the next day, the respondent wished to withdraw his admission as to the valuation of the several lots, and it was finally decided by the commissioners that all admissions made might be withdrawn, and all were withdrawn. In his closing argument, the respondent's counsel contended that the admission made by the petitioner's counsel in his opening of the case, that convenience to adjoining lands owned in severalty by either party was to be considered, was binding upon the commissioners as an admission of the petitioner, and asked for several rulings in regard to it. The commissioners very properly refused to make the rulings requested.

The respondent requested certain rulings as to the right of the commissioners to consider in making the division the convenience to other lands of the parties. The commissioners

properly refused to make these rulings. They were not called upon to make any ruling, that it might be excepted to. The material thing is, not what rules of law the commissioners refused to lay down, but what rules they acted on, and what they in fact did. In accordance with a rule which the commissioners laid down, they permitted the parties to state their preferences as to what division should be made, and what land should be assigned to each, and their reasons therefor, and excluded the testimony of experts, and of other witnesses, as to the effect of any particular division upon either party, or on adjoining property owned in severalty by either party. There was no mistake of law in this action of the commissioners. They were not in law obliged to hear any witnesses. They were selected by the court as competent of themselves to make the partition, and it was for them to determine what aid of witnesses they would accept in doing it. The only question that could arise from their refusal to hear witnesses is whether it showed misconduct in them. The only question it presents to us is as to the legal right of a party to require the commissioners to hear such witnesses. The report was made by a majority of the commissioners. The minority made a protest against it. Whether the circumstances were such as to show a sufficient reason for setting aside the report was for the court below to determine. We can only decide upon the matter brought before us upon the exceptions, that the court below did not err in ruling that the evidence showed no mistake of law made by the commissioners.

It is objected that the return is irregular, because it includes as part of the premises land to the centre of a lane which is not included in the warrant. The description in the warrant of the boundary line of the lot in question, as " running by" this lane, clearly included the lane. *Dean* v. *Lowell*, 135 Mass. 55.

*Exceptions overruled.*

*W. S. Stearns*, for the respondent.
*H. D. Nash*, for the plaintiff.