MARY A. WILLIAMS, in equity, *vs.* ENSIGN H. COOMBS.

Knox.    Opinion June 21, 1895.

*Partition in Equity.    Co-Tenants.    Repairs.*

Since full chancery powers were conferred upon it, this court has the power to decree a sale of the whole property and a division of the proceeds between the tenants in common, whenever, in its judgment, a division of the property cannot be made without greatly impairing its value, and whenever a sale of the whole property would be much more beneficial or less injurious to the owners.   But this power will not be exercised whenever an actual partition is practicable without such injury.

The parties are tenants in common, the complainant owning four undivided fifths and the defendant one undivided fifth, of a lot of land sixty feet square situated in the city of Rockland.   The buildings on the lot consist of a story and a half house with ell and shed.   The main house is four feet and nine inches from the west line of the lot, and thirty-two feet and nine inches from the east line of the lot, while the ell extends to the western line and the shed to within nineteen feet and six inches from the eastern line.   The buildings extend from within a few feet of the street to within one foot and six inches from the back line of the lot.   The house is not susceptible of division and separate occupancy.

*Held;* that this property could not be divided without greatly impairing its value, that a sale of the whole property would be much more beneficial to both parties and that the prayer of the bill asking that the court decree a sale of the property, should be granted.

Although it has been held by the courts in many jurisdictions, that a tenant in common, who makes necessary repairs upon the common property without the consent of his co-tenant cannot maintain an action at law to recover contribution for the same, it is a well-settled principle of equity jurisprudence, that such contribution may be compelled in equity under certain circumstances.

Where a tenant in common, without the consent of his co-tenant, or against his objections, has expended money in making necessary repairs upon the common property, which without such repairs was unsuitable for occupancy, and has thereby made it rentable and income-paying, and has collected rents from such property; and where the co-tenant in his answer to a bill in equity brought by the tenant who made the repairs, has asked for an accounting and payment to him of his proportional part of the rents and profits received;— the most equitable method is to charge the tenant who made the repairs and collected the rents, with all the rents and profits received by him and allow him to reimburse himself, out of the rents received by him, for the expenditures made for necessary repairs, but only to the extent of the amount of rents and profits in his hands.

The request of a defendant in his answer for an accounting and payment to him
   of his proportional part of the rents and profits received, is equivalent for
   this purpose, to the commencement of proceedings asking for affirmative
   relief.

No distinction should be made, in regard to the right of a co-tenant to recover
   contribution, for sums expended in making necessary repairs upon the com-
   mon property, under the above circumstances, between one who at the time
   of making such expenditures had the legal title, and one who at that time
   was in fact the owner of an undivided portion of the premises, having com-
   pleted a contract of purchase, agreed upon all the terms and gone into
   possession, everything having been done to give him the legal as well as the
   equitable title, except that the deed had not been passed, and who subse-
   quently acquired the legal title.

ON REPORT.

Bill in equity, heard on bill, answer and master's report,
praying for a sale of property owned in common because a par-
tition was incapable ; also for contribution for necessary repairs.

The case is stated in the opinion.

*C. E. and A. S. Littlefield*, for plaintiff.
*W. H. Fogler*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-
HOUSE, WISWELL, JJ.

WISWELL, J.    The parties are tenants in common of a lot of
land, with the buildings thereon, situated in Rockland ; the
complainant being seized in fee of four undivided fifths and the
defendant of one undivided fifth.

In this bill in equity, the complainant seeks a partition of the
property by a sale of the same and a division of the proceeds
between the tenants in common in proportion to their respect-
ive ownerships ; and also for a contribution by the defendant of
his proportional part of sums expended by her for necessary
repairs and taxes.    She alleges, in substance, that because of
the size and situation of the lot, and the character and location
of the buildings thereon, an actual partition of the property
could not be made without greatly impairing its value.

That this court has jurisdiction of a bill of this nature, and
the power to decree a sale and division of the proceeds, if the
situation is such as to justify it, is not denied by the counsel
for the defendant.

Since full chancery powers were conferred upon. it, this court has the power to decree a sale of the whole property and a division of the proceeds between the tenants in common, whenever, in its judgment, a division of the property cannot be made without greatly impairing its value, and whenever a sale of the whole property would be much more beneficial or less injurious to the parties. But this power will not be exercised whenever an actual partition is practicable without such injury or impairment of value. *Davidson* v. *Thompson*, 22 N. J. Eq. 83.

In *Wilson* v. *E. & N. A. R. R. Co.* 62 Maine, 112, a petition for partition, Mr. Justice WALTON said : "By process in equity the whole may be sold for the most that can be obtained for it, and the proceeds divided among the owners. Such is the usual course in England, and in most of the states in this country. *Wood* v. *Little*, 35 Maine, 111 ; 1 Story's Eq. Jur. c. 14. And this court now has equity jurisdiction in such cases."

In the unreported case of *Newhall, in equity*, v. *Taylor*, a bill in equity between tenants in common in which a sale and division of the proceeds was asked for, which case was entered at the June term, 1890, of the law court for the eastern district, the court sent down the following rescript : "This court sitting in equity has jurisdiction in the case of partition between co-tenants. Bill sustained. Receiver to be appointed at the next term of court, in Waldo county, to make sale of the property as may there be directed."

The only question then, upon this branch of the case, is whether the size and situation of this lot and the location and character of the buildings upon it, are such as to entitle the complainant to the decree asked for.

The lot is sixty feet square, it is situated on Oak street, very near to the principal business street of Rockland. The buildings on the lot consist of a story and a half house, with ell and shed. The main house is four feet and nine inches from the west line of the lot and thirty-two feet and nine inches from the east line of the lot, while the ell extends to the western line and

the shed to within nineteen feet and six inches from the eastern line. The buildings extend from within a few feet of the street to within one foot and six inches from the back line of the lot. The house is not susceptible of division and separate occupancy, and if the defendant's one-fifth of the whole property in value, taking into account the value of the buildings, should be set out to him from the land east of the dwelling-house, it would take nearly all of the unoccupied portion of the lot. This would greatly impair the value of the house and the land upon which it stands, while that portion thus set off to the defendant would be of much less value than it is now, while used as a part of the house lot.

It is the opinion of the court, therefore, that this property could not be divided without greatly impairing its value, that a sale of the whole property would be much more beneficial to both parties, and that the prayer of the bill, asking that the court decree a sale of the property, should be granted.

The complainant also asks that the defendant may be compelled to contribute his proportional part of the sums expended by her for necessary repairs and in the payment of taxes.

Although it has been held by the courts in many jurisdictions, that a tenant in common, who makes necessary repairs upon the common property, without the consent of his co-tenant, cannot maintain an action at law against him to recover contribution for the same, see *Calvert* v. *Aldrich*, 99 Mass. 74, it is a well-settled principle of equity jurisprudence, that such contribution may be compelled in equity under certain circumstances.

"Where two or more persons are joint purchasers or owners of real or other property, and one of them, acting in good faith and for the joint benefit, makes repairs or improvements upon the property which are permanent and add a permanent value to the entire estate, equity may not only give him a claim for contribution against the other joint owners, with respect to their proportional shares of the amount thus expended, but may also create a lien as security for such demand upon the undivided shares of the other proprietors." Pomeroy's Equity

Jurisprudence, § 1240.    See also Story's Equity Jurisprudence, §§ 1236 and 1237.

Various objections are urged against the application of the principle to the facts of this case.    The principal portion of the expenditure for repairs was made in October and November, 1892, while the complainant did not acquire the legal title to four undivided fifths of the premises until December, first, 1892.    It is necessary to briefly state the history of the title.

Harriet Coombs, at the time of her death, owned the property, subject to a mortgage given by her to the defendant to secure the sum of five hundred and fifty dollars and interest.    She died intestate in April, 1890, and the equity of redemption descended to her heirs, viz., her five children, Ensign H. Coombs, Charles S. Coombs, Ada A. Coombs, Eva M. Williams and Alfred R. Douglass.    The mortgage to the defendant was paid by the heirs in August, 1891.    April 17th, 1890, two of the heirs, Charles S. Coombs and Alfred Douglass, conveyed their shares in the property to Eva M. Williams, in trust for Ada A. Coombs, who was a confirmed invalid, with power to mortgage, sell and convey the same, whenever the trustee deemed it necessary for the maintenance and support of the said Ada. Eva M. Williams then owned one-fifth in her own right, two-fifths in trust for her sister, and the sister owned one-fifth in her own right.    August 19, 1891, Ada A. Coombs and Eva M. Williams, the latter both as trustee and in her own right, mortgaged the four-fifths owned by them to Frederick H. Daniels, to secure the sum of eight hundred and seventy-five dollars, and on August 16th, 1892, this mortgage was assigned to Charles F. Williams, the husband of Eva M. Williams and the son of the complainant.    December 1, 1892, Ada A. Coombs and Eva M. Williams conveyed their shares in the property to Charles F. Williams, who on the same day conveyed the same to his mother, the complainant.    Thus she acquired the legal title to four-fifths of the property.

It is claimed that the complainant, although she did not have the legal title, was the equitable owner of four-fifths of the property, and that in equity this should entitle her to the same

right of contribution as if she had been the legal owner of an undivided portion of the premises. Upon this claim the master's finding, is as follows: "The plaintiff claimed, and I find that in August, 1892, it was arranged between the owners of four-fifths of the property and the plaintiff that she should advance the money for the Frederick H. Daniels mortgage, and in consideration of that and of the support of the invalid sister, Ada A. Coombs, they would sell and convey their share in the property to her, the plaintiff; and that this arrangement was consummated and their part sold to the plaintiff, August 16th, 1892, when she paid the Daniels mortgage, which was assigned to said C. F. Williams, acting for her; that they intended to give her a deed of it at the same time, August 16th, 1892; but the deed was not executed till December 1st, 1892."

According to this finding, the complainant had become the owner in fact, although not in law, prior to the expenditures in October and November, 1892. The bargain had been completed, the terms agreed upon, she had gone into possession of the premises, and everything had been done to give her the legal as well as the equitable title, except that the deed had not been passed.

It is a fundamental rule in equity that what ought to be done is considered as done. *Ricker* v. *Moore*, 77 Maine, 292.

It is the opinion of the court, that no distinction should be made in this respect between one who has the legal title and one who is in fact a part owner and in possession of the premises at the time of the expenditures, and subsequently acquires the legal title.

It is further urged by the counsel for the defendant that this prayer of the bill should not be granted because such relief is only granted by chancery courts when the person of whom contribution is claimed has commenced the proceedings in equity asking for partition or other affirmative relief; and also because of the fact, as found by the master, that "no notice was given the defendant that such repairs were to be made, nor was he consulted in reference to them while they were being made, and he had no knowledge that those or any other repairs were to be

made till they were begun; and he then went to said C. F. Williams, the plaintiff's agent, in charge of the premises for her, and forbid his putting any repairs upon the premises or doing anything to them."

But it appears that these premises have been rented at one hundred and seventy-five dollars per year since August 16th, 1892, and the rent collected, or that it could have been collected by the complainant. The defendant alleges in his answer that the complainant is now and for a long time has been in the exclusive possession of the premises, receiving all the rents and income thereof, and he asks that she should account for such rents and profits and pay him his proportional part of the same.

She should be charged with all the rents received, but it would be inequitable to compel her to account for the rents received and not to allow her to credit herself with the sums expended in making necessary repairs, which have made the house rentable and income-paying. The master finds: "Plaintiff claimed, and I find, that the buildings were badly out of repair; that it was necessary to repair them in order to preserve them and render them suitable for such tenants as would rent premises so situated."

Courts have sometimes refused to compel contribution for improvements made, but have allowed the person in possession to retain the rents received by reason of such improvements. We think the most equitable method in this case is to charge her with the full amount of rents received and to credit her with such sums as have been expended in making necessary repairs. The request of the defendant in his answer, for an accounting and payment to him of his proportional part of the rents and profits received, is equivalent, for this purpose, to the commencement of proceedings asking for affirmative relief.

But inasmuch as these repairs were made without notice to the defendant or consultation with him, we think that she should be limited to the amount of rents in her hands and with which she is chargeable, that she may be allowed to reimburse herself out of rents collected for the necessary repairs, but that the defendant should not be compelled to contribute any further sum.

The item of taxes paid by her, should stand upon the same ground. A tax of fifty-one dollars and seventy-three cents was was assessed upon the whole property for the year 1892 ; she paid this tax October 7th, of that year. At that time she was in exclusive possession of the premises, and had been for some months, receiving all the rents. We think she should be allowed to reimburse herself for this sum out of the rents collected ; to offset this item, with the sums expended for her repairs, against the sums received by her, but that no further contribution should be compelled. This is not creating a lien upon the property as was asked and refused in *Preston* v. *Wright*, 81 Maine, 306.

A receiver should be appointed at nisi prius, or upon a rule day to make sale of the property under such directions as may be given at the time of the appointment. The complainant is to be charged with all rents and profits collected by her or which should be collected, up to the time of the sale, and she is to be credited with all sums expended by her for necessary repairs and taxes in accordance with the master's report. If the amount with which she is to be charged is not equal to the amount with which she is to be credited, the defendant is not to be required to contribute any further sum. If the amount with which she is to be charged exceeds the amount with which she is to be credited, she shall pay to the defendant his proportional part thereof, or the same may be adjusted by the receiver in the distribution of the proceeds of the sale. The account stated by the master, in his report, is up to March 8th, 1894. If the parties cannot agree upon the items accruing subsequent to that date, it will be necessary for the master to have a further hearing and make a supplemental report. We think that no costs should be allowed either party.

*Decree accordingly.*