# JANE G. ALLEN, PETITIONER.

Hampden, December, 1907.

*Judicial Sale — Partition — Defective Notice — Confirmation.*

Title in this case comes under a sale made by a commissioner appointed in partition proceedings in the Superior Court. In the order of sale notice was prescribed by publication, the last publication to be at least fourteen days before the sale. The affidavit of notice filed by the commissioner showed publication two days before the sale instead of fourteen days as prescribed by the order and the report of the commissioner referred to the affidavit. A decree reciting that said report had been examined and considered was entered, accepting the report and confirming and establishing the partition. There were in the case missing heirs upon whom no actual service was obtained, but for whom a guardian ad litem was appointed.

The sale by a commissioner under partition proceedings is, under the provisions of Revised Laws chap. 184, sec. 47, made conclusive only against parties to the proceeding. The more sweeping provisions of sec. 45 apply only to a partition in the Probate Court of the estate of a deceased person, which is an action in rem or quasi in rem. In either event the sale to be conclusive must be the sale ordered by the Court. Under the provisions of said sec. 47 a commissioner's sale shall be made after like notice as is required in a sale of land by an administrator; and with regard to an administrator's sale, compliance with the order of Court as to notice

is essential to the validity of the sale. Thomas *v.* LeBaron, 8 Met. 355.

It is argued on behalf of the petitioner, however, that there is a marked distinction between sales which are, strictly and properly speaking, judicial sales, and sales that are made merely in pursuance of an order of Court. When the law under which a sale is made requires it to be reported to the Court for confirmation, confirmation is necessary to its validity. Rorer, Judicial Sales, sec. 5, 106. Such a sale is a partition sale in proceedings in the Superior Court. Rorer, sec. 399; R. L., chap. 184, sec. 13; Hall *v.* Hall, 152 Mass. 136. In such a case the sufficiency of the notice and the fairness and regularity of the sale are the very matters heard, considered and passed upon by the tribunal which has full jurisdiction of the matter. Freeman, Void Judicial Sales, sec. 28. There is a vital distinction between failure to give notice as ordered of a petition, and similar failure in the subsequent publication of notice of sale. Non-compliance with the terms of an order for publication of citation may go to the very jurisdiction of the Court. Freeman, sec. 15-18; Verry *v.* McClellan, 6 Gray 535; Baker *v.* Blood, 128 Mass. 543. Where, however, the sale is within the jurisdiction of the Court, and the departure from the order of sale is one which might originally have been incorporated in the decree, the defect is cured by the order of confirmation, even if the invalidity or defect in the notice be such that the Court might, on objection made thereto, have refused confirmation because of it. Kleber, Void Judicial Sales, sec. 260-320. Confirmation cannot validate a void sale. Rorer, sec. 109; Kleber, sec. 401. But if there was a failure to comply with some direction of the Court which the Court had power to dispense with before the sale, it could dispense with it after the sale, and the confirmation must be accepted as an approval of the variation from the terms of the order as disclosed to the Court by the report. If the Court had

jurisdiction to prosecute the inquiry and to make the decision, its approval was an adjudication upon all questions pertinent thereto which were either passed upon, or could have been brought by the parties, had they so chosen, to the attention of the Court. It is the chief purpose of the requirement for confirmation by the Court, and the chief value of the decree of confirmation to the purchaser, that therein lies protection from any collateral attack upon the title grounded upon a condition of sale which the Court could, and by its decree of confirmation, did dispense with. Freeman, sec. 44. In the case at bar the Court might have ordered the notice given in the manner in which it was given, and with all the evidence before it that the notice had been irregular, it accepted the report and confirmed and established the partition. There seem to be no Massachusetts cases directly in point. A great quantity of authorities in other jurisdictions are cited in the sections of the text books above referred to, some of which sustain the text.

Decree for the petitioner.