# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

ISABELLE F. BURPEE, et als. *vs.* EDGAR A. BURPEE, et als.

Knox. Opinion January 7, 1919.

*Petition for partition. Rights of parties to form a corporation to take over the manage-*
*ment and control of real estate after bill in equity has been filed requesting*
*partition. Right of Court to grant relief where, on account of the*
*several interests and the nature and condition of the prop-*
*erty, it cannot be equitably divided.*

After the filing of a bill in equity, for the sale of certain real estate held in common and the division of the proceeds, alleging that the premises are not susceptible of division and separate occupancy, a part of the defendants owning a majority interest, before answer, organized a corporation under sections 15 to 28 of Chap. 62 of the R. S., and assumed by major vote to divide the common property, assigning to themselves a part, and to the minority owners a certain other part of the common property. These proceedings were taken against the protest of the minority owners.

*Held:*

That the plaintiffs' right to partition was not affected by the action of the defendants in forming or attempting to form a so-called corporation of proprietors and by the division made by such corporation.

A finding of the sitting Justice that "because of the nature and condition of the property and the number and variety of the fractional interests, the premises are not susceptible of physical division and separate occupancy," is sufficient to sustain a decree appointing a receiver of the common property and ordering sale thereof.

Bill in equity asking for the partition of certain real estate in the City of Rockland, Knox County, State of Maine. The cause was

heard upon bill, answer, replication and evidence, and from the find-
ings of the sitting Justice an appeal was taken.   Judgment in accord-
ance with opinion.

Case stated in opinion.

*Will C. Atkins, and George W. Heselton,* for plaintiffs.

*A. S. Littlefield,* for defendants.


SITTING:   HANSON, PHILBROOK, DUNN, MORRILL, WILSON,
      DEASY, JJ.


MORRILL, J.   Six of the defendants in this proceeding, represent-
ing a three-quarters interest in the common property, appeal from a
decree of the sitting Justice ordering a sale of the property owned in
common by the parties to this bill.   Two grounds of appeal are relied
upon.

1.   After the bill was filed and before answering, the defendants
who are now appellants undertook, against the protest of the plain-
tiffs and two defendants, to organize a corporation under R. S., 1916,
Chap. 62, Secs. 15 to 28.   Pursuant to a warrant issued by a
Justice of the Peace, the defendants met on the twenty-first day of
October, 1916, and organized a corporation.   John A. Burpee and
Annie T. Tyler, two of the defendants, who are now acting in
harmony with the plaintiffs, were  present but apparently took no
part in the proceedings except to present the protests of the dissent-
ing owners representing the one-quarter interest.

At the meeting for organization under an article in the call,  "To
divide or dispose of said property if a majority shall so vote, and
determine what division or disposition thereof shall be made," the
owners of the three quarters interest voted to divide the property and
assigned to themselves a certain portion of the common property, and
to the protesting owners a certain other portion.   By virtue of these
proceedings the majority now contend that the common property has
been legally divided and that they are not now owners of any real
estate as tenants in common with the plaintiffs and other defendants.
This contention cannot be sustained.

The statute in question is of colonial and provincial origin; as first
enacted in this State it is found in laws of 1821, Chap. 43, in sub-
stantially its present form.   In the course of the several revisions of
the statutes, the sections of the law of 1821 were re-arranged by

division and consolidation, and the phraseology from time to time was somewhat changed. In the revision of 1841 the words "wharves or other real estate," which are found in the first sentence of the act of 1821, were omitted, although the word "wharves" was retained in section eight where authority was given to the proprietors to "pass votes as to the management, improvement, division and disposition of said lands and wharves." In the revision of 1903 the word "wharves" was restored to section one. In section one of the revision of 1903 the words, "desire a meeting of the proprietors for the purpose of forming a corporation, or for any other purpose" were inserted after the words "in common," in the second line; and in section three the words "organize into a corporation, if not already so organized," were inserted after the word "may" in the second line. These changes were not intended to enlarge the scope of the law, but to "make clearer the corporate character of the organization of such proprietors." See note to Commissioner's Report on the revision of 1903, page 558. We may add that section one, in the particulars above noted, is expressed in substantially the same language as the corresponding statute of Massachusetts, Revised Laws, Chap. 123.

In all the changes of phraseology made in this statute since 1821, any intention of the Legislature to enlarge the scope of the law or to add to the class of owners within its provisions is not apparent, and we find no such intention.

The title of Chap. 43 of the laws of 1821 is, "An Act for the better managing Lands, Wharves and other real estate, lying in common;" in that chapter the owners are referred to as "Proprietors," and the land as "held and improved as a proprietary;" see Secs. 7 and 9. It is a matter of history that in the early days of the New England settlements grants of land were made to certain proprietors as grantees in fee, to hold as tenants in common. It was early found that the proprietors, in many cases, were too numerous and dispersed to manage their lands as individuals. Acts are found prescribing the mode in which their meetings shall be called, empowering them to choose officers, pass orders relative to the management, division and disposal of their common lands, and to assess and collect taxes from their members; "in short, communicating to them all the incidents of a corporation aggregate, without giving them that name." See Chap. 6 of Angell & Ames on Corporations, 9th ed., which treats of these proprietary corporations, their organization and powers, and gives a

list of the different colonial and provincial laws relating to them. The text of these laws will be found in "The Charters and General Laws of the Colony and Province of Massachusetts Bay," Boston, 1814.

By these provincial statutes, when an organization was perfected by virtue of a warrant issued on the application of the requisite number of proprietors the seisin which the individuals had of their respective shares in common, became transferred to the proprietary, and thereupon the proprietors could exercise any powers conferred upon them by law, and at a legal meeting could manage, divide and dispose of their property by major vote. The law of 1821, Chap. 43, and the revisions thereof, contain nearly the same provisions as the provincial statutes. As long as a man remains a member or proprietor, his common interest is subject to that control which the law has given to a majority in interest. But he may withdraw from the company, and by process of partition have his share assigned to him to hold in severalty. *Chamberlain* v. *Bussey*, 5 Maine, 164, 170; *Mitchell et al.* v. *Starbuck et al.*, 10 Mass., 5, 19; *Folger* v. *Mitchell*, 3 Pick., 396. But the proprietary are under no obligation to suspend their proceedings, in order to give opportunity to an individual member for the exercise of the right to begin proceedings at law for partition. *Williams College* v. *Mallett*, 12 Maine, 398.

The seisin of the plaintiffs is however to be alleged as it stood at the commencement of the action. *Williams College* v. *Mallett*, supra, page 402. In *Folger* v. *Mitchell*, 3 Pick., 396, it was objected that one or more of the partitions by the proprietors was made in 1821 while a former petition for partition, which had been discontinued, was pending, and it was urged that the pendency of that suit superseded the doings of the proprietors; the court said, page 402, "No doubt that would have been true, had the petitioner proceeded to final judgment." We therefore hold that the ruling of the sitting Justice, that the plaintiffs' right to partition was not affected by the action of the defendants in forming or attempting to form a so-called corporation of proprietors and by the division made by such corporation, is correct.

We do not find it necessary to decide and do not decide that the statute invoked applies to the case before us, or that the proceedings supposed to have been taken thereunder were in accordance with its provisions. Assuming these propositions in favor of the appellants we hold that this court having acquired jurisdiction by the filing of

the bill and service of process, cannot be deprived of that jurisdiction by proceedings afterwards taken by part of the defendants under the statute here relied upon.

2. It is contended that the findings of fact of the sitting Justice are insufficient as a basis for an order of sale. The right of the plaintiffs to enjoy their interests in the property in severalty is conceded. R. S., Chap. 93, Secs. 2, 13; *Tibbetts* v. *Tibbetts*, 113 Maine, 203; *O'Brion* v. *Mahoney*, 179 Mass., 200, 203. The plaintiffs allege, "That owing to the construction of the buildings on said land and the small fractional interests individually owned by the said plaintiffs and defendants, the premises are not susceptible of division and separate occupancy, and the sale of the whole of said real estate would be much more beneficial and less injurious to all persons interested therein." The sitting Justice found that "because of the nature and condition of the property and the number and variety of the fractional interests, the premises are not susceptible of physical division and separate occupancy" and that the property does not admit of such a division as would fully protect the rights of all parties.

We are of the opinion that the allegations of the bill and the findings of the sitting Justice clearly bring the cause within the principles laid down in *Williams* v. *Coombs*, 88 Maine, 184. An examination of the evidence, without however the advantage of a view and examination of the premises as was taken by the sitting Justice, satisfies us that the finding was fully sustained by the evidence.

> *Appeal dismissed. Decree of sitting Justice affirmed with additional costs.*