WILBUR J. MORSE
*vs.*
FERDINAND A. MORSE

Knox. Opinion, July 19, 1954.

*Allan L. Bird,*
*Samuel W. Collins, Jr.,* for plaintiff.

*Jerome C. Burrows,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WILLIAMSON, J.   This petition for partition is before us on exceptions to the confirmation of the report of the commissioners. R. S., Chap. 162 (1944). The presiding justice, after hearing without a jury, found: (1) that the petitioner had a two-ninths (2/9) interest, and the respondent a seven-ninths (7/9) interest, in common and undivided in certain land in Cushing, with a substantial shore frontage and with a farm house and barns; (2) that a cottage, well, and part of a driveway near the shore were owned by the petitioner and were not to be valued by the commissioners in making the partition; (3) that a certain driveway should be used in common by the parties. He then entered judgment for partition, sometimes called the interlocutory judgment, in substance: (1) that the property be partitioned in accordance with the findings; (2) that certain persons be

appointed commissioners; (3) that a court surveyor be appointed, and (4) that the "part of the premises set off to (the petitioner) be taken from the area where his said cottage is located."

No objection whatsoever is made to the judgment for partition. The court thereby settled and determined the interests of the petitioner and respondent in the property. *Allen* v. *Hall,* 50 Me. 253 (1861) ; *Ham* v. *Ham,* 39 Me. 216 (1855). After making a partition in accordance with the warrant directed to them, the commissioners filed their report to which the respondent entered written objections.

In the bill of exceptions the respondent charges that the presiding justice erred as a matter of law in "allowing," or to use the statutory language, "confirming" the report. The entire record, including petition, pleadings, docket entries, testimony and exhibits are made a part of the bill, and in addition the respondent says:

"1. Testimony showed that the most desirable part of the land to be divided was the shore line.

2. Plaintiff (petitioner) was given more than two-ninths of the whole shore line.

3. Plaintiff was given much more than two-ninths of the best part of the shore line.

4. Plaintiff had not had exclusive use of all the area of the shore line that was given to him.

5. Commissioners should have given plaintiff a larger area to the east of the cottage erected by the plaintiff rather than a larger area north and south on the shore line."

The testimony and exhibits to which the respondent refers formed the evidence taken at the hearing upon the petition for partition. They were not part of the case before the commissioners, except that a certain plan entered as an exhibit before the court and referred to in the judgment for

partition, was unquestionably before the commissioners and the court surveyor. The record does not disclose that any evidence was offered in court at the hearing upon the commissioners' report.

The five points noted above may fairly be said to have been included within the more numerous written objections to the report in the court below. These grounds or objections, and no others, are before us for consideration.

The error of law complained of must be set forth in the bill of exceptions. A general statement that the court was in error as a matter of law is not sufficient to raise a question before us. *Heath et al., Applts.*, 146 Me. 229, 233, 79 A. (2nd) 810 (1951); *Bronson, Applt.*, 136 Me. 401, 11 A. (2nd) 613 (1940). The issue therefore is whether, with reference only to the five objections noted, the presiding justice erred as a matter of law in confirming the report.

> "The well-settled rule is that the action of commissioners in partition will not be set aside on the ground of unequal allotments except in extreme cases, as where the partition appears to have been made upon wrong principles, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal."

40 Am. Jur. 68, Partition, § 80.

See Note, 46 A. L. R. 348, at 350; 68 C. J. S. 267, Partition, Sections 160, 161; 47 C. J. 509, 510, Partition, Sections 613, 614; Note 41 Am. St. Rep. 140, 149; *Hall* v. *Hall*, 152 Mass. 136, 25 N. E. 84 (1890).

We may safely presume that the court will appoint men of experience and ability to be commissioners "to make partition and set off to each his share." R. S., Chap. 162, Sec. 13 (1944). We find substantially the same method employed since 1821, when the statute called for the appointment of "freeholders." Laws of 1821, Chap. 37, Sec. 2. The

Legislature has placed in the commissioners, and not in the court, the responsibility for deciding questions relating to the valuation and division of real estate.

It is significant that the court may confirm, recommit, or set aside, but may not alter or change the report. The final decision upon the partition must come from the commissioners. We are not here concerned, it may be noted, with the sale of an entire property under decree of the court in equity where a physical division would impair value. *Burpee* v. *Burpee,* 118 Me. 1, 105 A. 289 (1919); *Williams* v. *Coombs,* 88 Me. 183, 33 A. 1073 (1895).

The report is not, however, final. Commissioners must follow the warrant, and failure so to do is good ground for objection to the confirmation of the report. There must be no irregularities in procedure. Examples are: lack of proper notice by the commissioners, *Ware* v. *Hunnewell,* 20 Me. 291 (1841); the report not showing equal division as to value, *Dyer* v. *Lowell,* 30 Me. 217 (1849), and the appraisal of a building by commissioners when the duty to appraise was not included in the judgment for partition, *Parsons* v. *Copeland,* 38 Me. 537 (1854).

The issue here cuts deeper—to the weight to be given the judgment of commissioners upon the valuation and precise division of real estate.

Partition proceedings differ from a referred case or a jury trial, and so we may expect to find different governing principles. At the hearing on the commissioners' report evidence may be introduced upon the issues raised by the objections. There is no record of the evidence before the commissioners upon valuation and division presented to the court. The report stands alone. In this respect partition cases differ markedly from the referred case or a jury trial. The reviewing court in the latter types of cases passes upon the sufficiency of the evidence heard by referee

or jury. By the nature of the proceedings the court cannot so proceed in a hearing upon the report of commissioners. Accordingly, neither the "any evidence" rule in cases submitted to reference set forth in *Staples* v. *Littlefield*, 132 Me. 91, 167 A. 171 (1933), nor the familiar rules relating to new trials are here applicable. There is no record from the commissioners to be tested by such rules.

In the instant case no evidence whatsoever, as we have indicated, was heard by the court at the hearing upon the report. The exceptions must find their strength within the interlocutory judgment for partition and the report.

The court cannot turn to the evidence heard on the petition for partition on which the interlocutory judgment was founded to sustain objections to the report. Such evidence was not considered by the commissioners. Nor can the court turn to the evidence before the commissioners on valuation and division, for the view by commissioners and the lack of a record make such a course impossible.

Under the rule stated, the court has important corrective powers to recommit and to set aside without being a forum for a second trial or hearing on valuation and division. The rule is adapted to the furtherance of justice in a field where differences of opinion may be wide.

On examination of the five objections in the bill of exceptions, it is apparent that there has been no error of law. In the first three the respondent complains that, assuming the "shore line" was the most desirable part, the commissioners set aside to the petitioner "more than two-ninths of the whole shore line" and "much more than two-ninths of the best part of the shore line." There is no evidence before the court at the hearing on the report to establish the relative values of any particular parts of the "shore line." There is a total lack of evidence showing gross error on the part of the commissioners. Their judgment cannot successfully

be attacked by the mere statement of objections. Proof is required, and it does not here exist.

The fourth objection does not, in our view, show any failure on the part of the commissioners to carry out the terms of the judgment for partition. The commissioners were instructed "that that part of the premises set off to the (petitioner) be taken from the area where his said cottage is located." There is no suggestion that the share need be limited to the area exclusively used by the petitioner. The purpose of the instruction was to provide that the petitioner acquire at least the real estate on which his cottage is located. The court did not, indeed it could not, value or divide the real estate in entering the interlocutory judgment.

The fifth objection is no more than an expression of disagreement by the petitioner with the commissioners. It is of the same nature as the first three.

If the commissioners reached their result through bias or prejudice, or gross error clearly and unmistakably shown, then justice would require the recommittal or setting aside of the report. Here the respondent has failed to show any error on the part of the commissioners or court within the rule. He is not satisfied with the division. This is the extent of his complaint.

*Exceptions overruled.*