STATE OF MAINE

Piscataquis

SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO RE-11-38

269-12
207
3\21

JOHN S. WAITKUS and
DILLON T. WAITKUS,

Plaintiff,

v.

ROBERT A. HENDERSON,

Defendant.

ORDER

Hearing was held on the plaintiff's complaint for partition on March 12, 2012. The plaintiff was present and represented by counsel, Philip Mohlar, Esq., while the defendant was present, pro se.

The defendant owned real estate in Dover Foxcroft, Maine, consisting of substantial acreage and a residence, used as a camp. In September of 2009, defendant and plaintiff John Waitkus agreed that Mr. Waitkus would pay the sum of $39,000 to the defendant and defendant would deed a ½ interest in the camp and a surrounding acre such that John Waitkus and Robert Henderson would own the parcel as joint tenants. Both parties primarily resided in the State of Maryland and they intended to use the camp on a seasonal basis. Eventually their relationship deteriorated and they became embroiled in conflict over the usage and maintenance of the camp. John Waitkus subsequently deeded his interest to himself and his son, Dillon as tenants in common and is seeking an Order requiring that the defendant buy the Waitkus share for $39,000.

Partition is available to joint owners of real estate through the equity jurisdiction of the Superior Court. *Libby v. Lorrain*, Me, 430 A.2d 37, 39 (1981). Equitable partition is flexible and is not limited to a physical division of the property and may be carried out

by sale, and it is free of any special procedures contained in statute. *Id.* The Court will order sale and division of the proceeds where physical division is impractical or would materially injure the rights of the parties. *See Williams V. Coombs,* 88 Me. 183, 33 A. 1073 (1895).

In this case, there is no equitable way to physically divide the property because its primary value is found in the camp, which obviously cannot be divided. As a result, sale would be appropriate, however the Court will provide the defendant, who continues to own surrounding land, with an opportunity to buy plaintiff's interest so that an actual sale can be forestalled. Plaintiff's appraiser indicates that the value of the camp and one acre is $77,000, however he based the estimate on the belief that the camp was newer than it in fact is, and on the basis that the roof was in good condition. Although the effect of the age difference on the value is not necessarily great, the camp in fact needs a new roof, which decreases its value more substantially. The Court concludes that its value in fact is closer to $70,000, and Orders that if defendant pays the sum of $35,000 to the plaintiffs within 60 days, the plaintiffs shall execute any deeds, releases, or other documents necessary to accomplish a conveyance. If the sum is not tendered within 60 days, the property shall be listed for sale by a broker at a reasonable price, to be determined by the broker. Any offer of at least $70,000 shall be accepted. The broker shall not disclose that minimum offer that must be accepted to any potential buyer or agent for a buyer. The proceeds shall be evenly divided.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: March 21, 2012

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT